[Cite as *State v. Elder*, 2011-Ohio-4438.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

        Plaintiff-Appellee

-vs-

TRAEVON B. ELDER

        Defendant-Appellant

JUDGES:
:   Hon. W. Scott Gwin, P.J.
:   Hon. William B. Hoffman, J.
:   Hon. Sheila G. Farmer, J.
:
:
:   Case No. 2011-CA-00058
:
:
:   O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal appeal from the Richland County Court of Common Pleas, Case No. 20009CR577H |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 1, 2011 |
| APPEARANCES: | |

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| JAMES J. MAYER, JR.<br>Richland County Prosecutor | TRAEVON B. ELDER  PRO SE<br>#580-693 |

By: DANIEL J. BENOIT                    Richland Correctional Institute
30 South Park, 2nd Floor                Box 8107
Mansfield, OH  44902                    Mansfield, OH  44901-8107

*Gwin, P.J.*

**{¶1}** Defendant-appellant Traevon B. Elder appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which overruled his motion for re-sentencing. Appellant assigns a single error to the trial court:

**{¶2}** "I. TRIAL COURT (sic) ABUSED ITS DISCRETION IN ADOPTING A CONCLUSION WHICH AFFRONTS *STATE V. JOHNSON* (2010), 128 OHIO ST. 3d 153'S PROPHYLACTIC PURPOSE."

**{¶3}** Appellant pled guilty to one count of felonious assault with a firearm specification and one count of having weapons under disability on December 7, 2009. The court sentenced him to two years on count one, one year on count two, and three years on the firearm specification to run concurrently for a total of six years of incarceration.  In April 2011, appellant filed a pro se petition for re-sentencing, arguing that the offenses of felonious assault and having weapons under disability are allied offenses and should have been merged for purposes of sentencing.  The trial court denied the petition for resentencing, and this appeal ensued.

**{¶4}** In 2010, the Ohio Supreme Court decided *State v. Johnson*, 128 Ohio St. 3d 153, 2010-Ohio-6314, 942 N.E. 2d 1061. As appellant asserts, the court found the purpose of R.C. 2941.25 is to prevent "shotgun convictions", that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence. Id at paragraph 43, citation deleted.

**{¶5}** In *Johnson,* the Ohio Supreme Court crafted a new analysis for courts to use in determining when two offenses are allied and subject to merger for sentencing. The court found the statute emphasizes the importance of the defendant's conduct, while in the past, the analysis used an abstract comparison of offenses without first considering the defendant's actual conduct as established by the evidence. Id. at paragraph 42, citation deleted. Under *Johnson*, if it is possible for multiple offenses to be committed by the same conduct, then the trial court must determine whether the offenses in the case before it were committed as part of a single act committed with a single state of mind. Id. at paragraph 49, citation deleted. Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses were committed separately, or if the defendant has a separate animus for each offense, then pursuant to statute, the offenses will not merge. Id., paragraph 59.

**{¶6}** Appellant's argument is that the basis of his conviction for having weapons under disability was his use of a firearm to commit the felonious assault. He suggests the two offenses were committed simultaneously with the same animus of causing physical harm.

**{¶7}** The trial court found the animus of having weapons under disability is making a conscious choice to possess a weapon. Felonious assault requires a conscious choice to attack someone using a weapon. The court found the commission of the two offenses involves separate animi, and the fact a defendant chooses to assault a victim with a firearm should not and cannot absolve the defendant of the criminal liability which arises solely from his illegal possession of a weapon.

**{¶8}** We agree with the trial court that the animus for possessing a weapon under disability is different from the animus for felonious assault. We find the trial court did not err in rejecting appellant's argument his convictions for felonious assault and for weapons under disability should be merged.

**{¶9}** The assignment of error is overruled.

**{¶10}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By Gwin, P.J., and

Farmer, J., concur

Hoffman, J., concurs

separately

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. SHEILA G. FARMER

WSG:clw 0824

*Hoffman, J., concurring*

**{¶11}** I concur in the majority's analysis and disposition of Appellant's sole assignment of error.

**{¶12}** I write separately to note I also find Appellant's alleged error barred by res judicata because this issue was capable of being raised on direct appeal of the original sentencing entry.

_____
HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| TRAEVON B. ELDER | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2011-CA-00058 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER